**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|                                           |     |                              |
| ----------------------------------------- | --- | ---------------------------- |
| KENNETH JONES,                            | )   |                              |
|                                           | )   |                              |
| Plaintiff,                                | )   |                              |
|                                           | )   |                              |
| v.                                        | )   | No. 14 C 1929                |
|                                           | )   |                              |
| THOMAS J. DART, Sheriff of Cook County,   | )   | Judge Virginia M. Kendall    |
|                                           | )   |                              |
| Defendant.                                | )   |                              |
|                                           | )   |                              |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Jones, a former inmate at Cook County Jail, filed this lawsuit against Sheriff Thomas Dart alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Jones alleges that his wife was unable to visit him because he was listed as being in Division 2 instead of Division 3 and that he caught athlete's foot and a rash on his back while living in Division 3, both of which were treated merely with hand soap. (*Id*. at 4). Under the Prison Litigation Reform Act ("PLRA"), Jones, like any prisoner, may not initiate a suit concerning his confinement conditions under federal law prior to exhausting "such administrative remedies as are available" within the jail. *See* 42 U.S.C. § 1997e(a). Defendant maintains that Jones failed to properly exhaust the administrative remedies available to him because he never attempted to grieve the specific problems he identifies in this complaint and any attempt that he did make to grieve was insufficient. Jones counters, stating that he attempted to grieve, but that the Cook County Jail's grievance procedure was unavailable to him. Based on this conflict, the Court held a hearing to resolve the factual issues surrounding Jones's exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Having considered the testimony and documents presented at the hearing, the Court finds that the Defendant sufficiently carried its

burden and demonstrated that Jones failed to exhaust the available administrative remedies with respect to his Division 3 claims.[1] Jones's case is dismissed for failure to exhaust.

## BACKGROUND

Jones was housed in Division 3 of the Cook County Jail from June 20, 2012 to June 25, 2012. (Stipulated Facts, Dkt. No. 26 at ¶ 2). The parties agree that the Cook County Department of Corrections has had an inmate grievance procedure in place since July 14, 2011. (*Id.* ¶ 3). Pursuant to that procedure, inmates may submit grievances on carbon-copy Inmate Grievance forms or on loose-leaf paper if no forms are available. (*Id.* ¶ 6). The parties agree to the details of the procedure and further agree that the Defendant's policy is to maintain hard copies of all grievances and non-grievance requests in the ordinary course of business. (*See id.* ¶ 9). The parties agree that Defendant's search of its records revealed no grievances or non-grievance requests filed by Jones. (*See id.* ¶ 11-13).

At the *Pavey* hearing, Jones testified that he requested a grievance form while in Division 3, but was told that they did not have any paperwork for him because he would not be housed in Division 3 for long. After spending five days in Division 3, Jones was transferred to Division 5 where he says that he requested a grievance form from an Officer Garcia and was informed that he would need to ask his counselor for the form. Jones testified that he was unable to connect with his counselor to request a form so he wrote his grievance on a regular piece of paper and asked a fellow inmate to slide it under the door of the counselor's office. Jones testified that he wrote on that paper that he was housed in Division 3, a condemned building, and had no hot water; that the shower water was overflowing with blood and feces; that the rooms contained

---

[1] Subsequent to the hearing, the Defendant stated that it was withdrawing its affirmative defense of failure to exhaust on the remaining Division 3 and Division 3 Annex cases consolidated before the Court. This withdraw does not affect the defense set forth in this particular case for which hearing was already held.

mold and spider webs; that the toilets were not working; and that there was no water inside his cell.

Jones further testified that at some point after attempting to file that initial grievance with his counselor, he asked an officer for a request slip and was provided with one. He completed the request slip, asking his counselor whether she had received any paperwork from him. Jones received a written response from the counselor stating that she had not received anything from him. Jones testified that he never followed-up with the counselor after she responded saying she had not received his paperwork. Jones further testified that he completed a written request slip to his counselor once a week to request his commissary balance and that the counselor routinely responded to those requests by providing him with a print-out of his commissary balance.

## LEGAL STANDARD

"Prisoners must properly exhaust all available administrative remedies before pursing claims, including § 1983 actions, in federal court." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (citing 42 U.S.C. § 1997e(a)). Moreover, the prisoner must exhaust his grievances according to prison procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 84, 88 (2006). Prisoners must strictly comply with the exhaustion requirement. *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). While exhaustion requirements are strict, failure to exhaust is an affirmative defense and the Defendant maintains the burden of proof of showing that Jones failed to exhaust here. *See Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). To be available as an administrative remedy, the remedy must "be available in fact and not merely in form." *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013). Courts analyze a prisoner's exhaustion under the preponderance of the evidence standard. *See, e.g.*, *Pierce v. Earl*, No. 12 CV 5725, 2015 WL 3664198, at *3 (N.D.

Ill. June 11, 2015); *Wieczorek v. Slivia*, No. 12 CV 4904, 2015 WL 73810, at *3 (N.D. Ill. Jan. 5, 2015); *Hicks v. Irvin*, No. 06 CV 645, 2011 WL 2213721, at *7 (N.D. Ill. June 7, 2011).

## DISCUSSION

Under the PLRA, an inmate must exhaust his administrative remedies by following the procedural rules for grievances in his specific location. *See Woodford*, 548 U.S. at 90. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) (inmate must "take all steps prescribed by the prison's grievance system"). While an inmate must follow the grievance procedures proscribed by the jail, the inmate is only required to utilize those steps to the extent they are available. *See Woodford*, 548 U.S. at 102; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The "availability" of a remedy is a matter of what, in reality, is open for a prisoner to pursue. *See Kaba*, 458 F.3d at 684. When jail staff fails to inform inmates of the grievance procedure or grievance rules are applied haphazardly, inmates cannot be expected to follow the protocol. *See King*, 781 F.3d at 896 ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."); *Ajala v. Tom*, 592 F. App'x 526, 528 (7th Cir. 2015) (where prison officials thwart inmates from exhausting, "the process that exists on paper becomes unavailable in reality").

The parties dispute whether the grievance process was available to Jones from June 20, 2012 to June 25, 2012 when he resided in Division 3 or from June 25, 2012 to September 2012 when he resided in Division 5. Jones was, by his own testimony, aware of a grievance procedure from the beginning of his stay in Division 3. He testified that he requested a grievance form when he entered Division 3, but was told by jail officials that they did not have paperwork to

give him because he would not be housed in that division for long. After spending five days in Division 3, Jones was transferred to Division 5 where he says that he again requested a grievance form and was told that he would need to ask his counselor for the form. Jones testified that he was unable to connect with his counselor to request a form so he wrote his grievance on a regular piece of paper and asked a fellow inmate to slide it under the door of the counselor's office. Jones testified that he made several claims regarding his living conditions in Division 3 on that paper. Jones went on to state that he submitted a subsequent request to his counselor to confirm her receipt of his paperwork.

Jones's conduct up to this point in the grieving process was imminently reasonable except for one thing: he relied on a third-party inmate to deliver his handwritten grievance to the counselor. This reliance violated the Jail's grievance procedure (which allows the aggrieved inmate to submit a grievance) and was unwarranted under the circumstances. Jones claims he could not connect with his counselor, but that claim is belied by his testimony at various other points in the hearing. Jones had contact with his counselor on a weekly basis to inquire about his commissary balance and she routinely responded to those inquiries, in writing. Jones even sent his counselor a request to ask whether she received his grievance and she responded saying that she had not. The Court finds Jones's reliance on a fellow inmate unreasonable under the circumstances and will not burden the Jail with proving non-receipt of a grievance that was submitted via an unauthorized and unforeseeable path.

On the record before the Court, there is no evidence that the grievance was submitted to the counselor. Jones could not testify to its delivery and he could not recall the name of the inmate he allegedly asked to deliver it. Even if the Court accepts as true that Jones asked a fellow inmate to deliver his grievance, his decision to do so was in violation of the grievance procedure

and was unreasonable under the circumstances. This is not a case where Jones mailed the grievance or otherwise submitted it to prison personnel and they mishandled it. *Compare, e.g., Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) (finding prisoner exhausted his remedies where prison officials, not prisoner were responsible for mishandling of grievance). Rather, the counselor responded to Jones's inquiry regarding her receipt of the grievance and she informed him she had not received it. Jones inexplicably ceased action. Despite the counselor's response to his request and her routine responses to his weekly requests for his commissary balance, Jones testified that he never followed-up about his grievance.

Had the counselor ignored Jones's note or otherwise "invited noncompliance" or misled Jones regarding how to invoke the procedures, then it could not be said that Jones failed to exhaust his administrative remedies. *See Swisher v. Porter County Sheriff's Dept.*, 769 F.3d 553, 555 (7th Cir. 2014); *see also Dole*, 438 F.3d at 811 (distinguishing between cases where exhaustion was triggered by officials' conduct versus the plaintiff's conduct). The counselor, however, never behaved thus improvidently. On the contrary, when Jones inquired whether she received his handwritten grievance, she informed him that she had not. There was no effort to "exploit the exhaustion requirement through indefinite delay in responding to [Jones's] grievances." *Compare Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (internal quotation marks and citation omitted). On the contrary, the record—including Jones's own testimony—demonstrates that every communication Jones made to his counselor was responded to. The evidence suggests that either Jones did not submit a handwritten grievance to his fellow inmate for delivery to the counselor or, if he did, the fellow inmate did not deliver it as requested. There is no evidence of misconduct on the part of the Jail; there is only evidence of Jones's failure to communicate his grievance to his counselor.

Overall, the evidence supports a finding that Defendant made the grievance process available to Jones and there is no evidence that the Defendant "concealed" the process from him. *Compare, e.g., Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) ("[A] remedy is not available if essential elements of the procedure for obtaining it are concealed."). As a result, the Jail fulfilled its obligation to make the grievance process available to Jones and filing a grievance was "realistically accessible" to Jones while he was housed at the Jail. *Kaba*, 458 F.3d at 684; *compare, e.g., Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (remedy not available where grievance form was not provided to inmates); *Hemphill v. New York*, 380 F.3d 680, 688 (7th Cir. 2004) (remedy not available where inmate was threatened with violence for attempting to take advantage of administrative process).

The Court finds that Defendant carried its burden of demonstrating by a preponderance of the evidence that Jones failed to exhaust his administrative remedies. *See Pozo*, 286 F.3d at 1023–24 ("Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective ..."); *Dixon v. Page*, 291 F.3d 485 (7th Cir. 2002) (prisoner did not exhaust when, after he did not receive the relief he was promised, he did not appeal to the next level of review); *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002) (prisoner's appeal properly denied as untimely when he had received notice of denial of a claim yet failed to appeal that claim until his other claims had also been denied).

Moreover, the Court notes that even if Jones had exhausted his administrative remedies with respect to the claims he attempted to grieve by submitting a note to his counselor, his claims must still be dismissed because they are beyond the scope of what he grieved at the Jail. *See Jones v. Bock*, 549 U.S. 199, 219-220 (2007) ("All agree that no unexhausted claim may be considered."). In his Complaint, Jones claims that his wife was unable to visit him because he

was listed as living in the wrong Division of the Jail and that he caught athlete's foot and a rash on his back while living in Division 3, both of which were treated with hand soap. These claims are wholly unrelated to the living conditions Jones maintains that he attempted to grieve while in Division 3 and Division 5. Jones testified that he grieved that he was housed in Division 3, a condemned building, and had no hot water; that the shower water was overflowing with blood and feces; that the rooms contained mold and spider webs; that the toilets were not working; and that there was no water inside his cell. There is no overlap between these allegedly grieved-of conditions and the conditions set forth in Jones's Complaint. Therefore, even if Jones had exhausted his administrative remedies with respect to the claims allegedly set forth in his note to the counselor, he did not do so with respect to the claims at bar and his case must still be dismissed. *See, e.g., Ross v. Hardy*, No. 13 C 1069, 2014 WL 2135938, at *3 (N.D. Ill. May 22, 2014) (finding inadequate medical service claims unexhausted where only relevant grievance in the record concerned living conditions).

## CONCLUSION

For the reasons stated herein, the Court concludes that Defendant carried its burden of proving that Jones failed to exhaust the administrative remedies available to him. Jones's case is dismissed.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 4/18/2016